<u>**NOT FOR PUBLICATION**</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| TERENCE LEE BRITT,<br><br>          Plaintiff,<br><br>     v.<br><br>PHIL MURPHY, et al.,<br><br>          Defendants. | Civil Action No. 21-11585 (KMW/MJS) |

Appearances:

Terrence Lee Britt
          Pro se Plaintiff

Agnes Irene Rymer, Esq.
          Counsel for Defendants

**WILLIAMS**, District Judge

<u>**OPINION**</u>

**I. INTRODUCTION**

This matter comes before the Court by way of Defendants Governor Phil Murphy, Commissioner Sarah M. Adelman, and Director Christine Norbut Beyer's (collectively "Defendants") Motion to Dismiss Plaintiff's Complaint (ECF No. 10). Plaintiff Terrence Lee Britt ("Plaintiff") is proceeding in this matter *pro se*. This Motion is unopposed. For the reasons set forth below, Defendants' Motion is **<u>GRANTED</u>**.

**II. BACKGROUND**

  **A. Factual History**

On May 20, 2021, Plaintiff filed a Complaint (ECF No. 1) and initiated an action in this Court. Compl., ECF No. 1. The Court recognizes that Plaintiff is proceeding *pro se* and accordingly, will summarize the facts underlying the case from what it can glean from the unartfully pled Complaint.

Plaintiff's claims arise from an alleged failure of his employer, the New Jersey Department of Children and Families ("DCF"), to make certain changes to Plaintiff's employment information, including his name and address. *Id.* at 4-5. In the current Motion to Dismiss, Defendants explain that "[t]he heart of this case is Plaintiff's insistence that his employer identify him by his self-issued tax identification number, instead of by his government-issued social security number," and that this case stems from Plaintiff's attempt to change his address listing himself as an entity with a tax identification number. Mot. to Dismiss, ECF No. 10 at 2, 3-6. In the Complaint, Plaintiff explains that he attempted to obtain a refund for out-of-pocket prescription expenses but the prescription company required certain information to be "corrected" by DCF before the refund could be redeemed. Compl., at 5. Plaintiff asserts that he contacted DCF at this time to update this information for the purposes of the refund and also re-requested that this information be updated in his DCF employment files more generally. *Id.* Plaintiff asserts that DCF refused to make the requested correction and continues to "choose not to make the requested changes," thereby forcing Plaintiff to carry out his duties and assignments under his "certain judicial-person name." *Id.*

Plaintiff asserts claims against Defendants on a number of different grounds. On the cover page of the Complaint, Plaintiff alleges a claim for "forgery and bad faith," as well as a claim for "trespass (forgery)." *Id.* at 1-2. On that same page, Plaintiff indicates that he is bringing this action under 25 C J. §§ 344; 346; 2 DANV. 259, the Bill of Rights of The Constitution of the United

States, Articles I, VII; IX, X; and the New Jersey Constitution[1]. *Id.* at 1.  Additionally, in the body of the Complaint, Plaintiff alleges that Defendants' failure to change his name in his employment records as requested "constitute a violation against [his] unalienable rights on the basis of religion," citing to the New Jersey State Constitution. *Id.* at 5.  He further claims that this violation of his rights on the basis of religion, and alleged "failure to accommodate [his] religious beliefs," have made his place of employment a "hostile environment."[2] *Id.* at 3.  Plaintiff also asserts that "the unlawful employment practices . . . were committed with malice or reckless indifference to [his] federally secured and protected rights," but does not identify any specific federal rights associated with this claim. *Id.* at 5.

Concerning jurisdiction, the Complaint asserts that "jurisdiction of this court is invoked pursuant to 1844 New Jersey Constitution Article VI, Judiciary Section I.1." *Id.* at 3.  On the Civil Case Cover Sheet included within the Complaint, Plaintiff identifies diversity jurisdiction as the grounds for subject matter jurisdiction indicating that Plaintiff is a "citizen of another state" with Defendants being citizens of New Jersey.  Civil Cover Sheet, ECF No. 1-3.  However, the body of the Complaint fails to establish diversity of citizenship.[3]  Compl., at 2.  Finally, on July 8, 2021, prior to Defendants filing the present Motion to Dismiss, Plaintiff submitted a letter to the Court

---

[1] The Court will note that it is unclear to what the first set of cites refer. *See Bryant v. Wells Fargo Bank, N.A.*, No. CV 2:17-430-MBS-BM, 2017 WL 3916988, at *3 (D.S.C. Aug. 14, 2017), *report and recommendation adopted*, No. CV 2:17-0430-MBS, 2017 WL 3896354 (D.S.C. Sept. 6, 2017) (dealing with a Complaint with a similar cite to "25 C.J. §§ 344; 346[;] 2. DANV. 259 [;] . . ." and noting confusion as to what the cites referred).

[2] Plaintiff does not cite to any federal or state law under which to assert an employment discrimination claim.

[3] As discussed within this Opinion, Plaintiff does not plead the citizenship of any of the parties in this matter.  Rather, in the Complaint, Plaintiff states that he is "a man, native New Jerseyan; care of: Benigno Blvd, [421] Box 1753, at Bellmar, county Camden, state New Jersey republic; one of the several States of the Union, Near,[08099-9998], The United States of America" and names a number of New Jersey state officials as Defendants." Compl., at 2.

stating that he requires the case to be filed in this Article III Court and indicating that he already paid the filing fee.[4]

### B. Procedural History

On October 7, 2021, Defendants filed the present Motion seeking dismissal of the Complaint due to lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Mot. to Dismiss, at 2. Defendants challenge subject matter jurisdiction arguing that "Plaintiff alleges that Defendants committed 'trespass (tort)' and forgery, in violation of the New Jersey Constitution Art. III section 1," and "does not cite any basis for federal jurisdiction [or] raise any federal claims." Defs.' Br. in Support of Mot. to Dismiss ("Defs.' Br."), ECF No. 10-1 at 8. Defendants further assert that (1) "the New Jersey Constitution; common law of tort; 2.Danv. 259; and 245 C.J. §§ 344 and 346 do not confer federal jurisdiction over Plaintiff's trespass and forgery tort claims," (2) "'Plaintiff's mere citing of a federal law or statute [the U.S. Bill of Rights] is insufficient to confer federal question jurisdiction,'" and (3) Plaintiff's reference to unidentified religious beliefs does not confer jurisdiction on this court. Id. at 9-10. Defendants conclude by arguing that "Plaintiff has failed to identify any applicable basis for this Court's jurisdiction over his tort claims of trespass and forgery [and therefore] the matter should be dismissed." Id. at 10.

On April 12, 2022, Plaintiff filed a Motion to Set a Hearing Date seemingly to obtain a ruling on his claims and requesting a hearing to take place fifteen days after his filing. Mot. to Set

---

[4] In the Letter, Plaintiff specifically states that he "require[s] this case to be filed in this article 3 court as a tort claim, court of record, under common law jurisdiction." Letter, ECF No. 6. He further asserts that "the titles United States District Court for New Jersey, and 'Federal Court' at 'District Court of the United States for New Jersey' are two separate different venues, one legislative and the latter constitutional;" expanding that he "paid for said case with lawful money and filed in the latter constitutional [venue]." Id.

4

Hearing Date, ECF No. 14.  On April 29, 2022, Defendants filed a Response, indicating that they "take no position on this motion."  Response, ECF No. 15.

### III. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may seek dismissal of a complaint based on a court's lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'"  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) (citing *Marbury v. Madison,* 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803)).

When considering a Rule 12(b)(1) motion challenging subject matter jurisdiction, "[a] district court has to first determine . . . whether [the] motion presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed."  *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)).  As the Third Circuit explained in *Constitution Part of Pennsylvania v. Aichele*:

> A facial attack, as the adjective indicates, is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present.  Such an attack can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint.

*Id.* at 358 (citing *Mortensen,* 549 F.2d at 891).  On the other hand, a factual attack "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.*

"In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).  Therefore, "a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.,* construing the alleged facts in favor of the nonmoving party." *Id.* (citation omitted).  This analysis is substantially different from the standard of review applicable to a factual attack, wherein the court "may weigh and 'consider evidence outside the pleadings.'" *Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000), *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003)).

## IV. DISCUSSION

In this case, Defendants bring a facial challenge of the Plaintiff's Complaint by asserting that "[t]he Complaint does not cite any basis for federal jurisdiction and does not raise any federal claims." Defs.' Br., at 8.  Given the facial challenge, the Court is limited to considering the allegations within Plaintiff's Complaint and the documents referenced therein and attached thereto. *See Const. Party of Pennsylvania*, 757 F.3d at 358 (citation omitted).  Having reviewed Plaintiff's Complaint and the accompanying documents, the Court finds that it is devoid of factual allegations establishing subject matter jurisdiction.  The Complaint asserts that jurisdiction is warranted pursuant to the New Jersey Constitution, not the United States Constitution.  Compl., at 3. Relatedly, while the Complaint includes allegations of discrimination on the basis of religion and

6

violations against Plaintiff's "unalienable rights on the basis of religion" in addition to referencing the Bill of Rights and Constitution on the cover page, the *body* of the Complaint does not cite to any specific federal statutes or rights. *Id.* at 1, 5. Rather, Plaintiff again appears to refer to his rights under the New Jersey Constitution. *Id.* at 3-6. Therefore, even when reading the Complaint in the light most favorable to Plaintiff, there are no claims arising under federal law to invoke federal question jurisdiction.

Moreover, while Plaintiff indicates diversity jurisdiction on the Civil Cover Sheet, the Complaint does not contain any allegations supporting diversity of citizenship of the parties. In fact, the Complaint does not identify the citizenship of either party and therefore, Plaintiff has not pled diversity jurisdiction. Compl., at 4.

Because the Complaint fails to provide a basis for the Court's subject matter jurisdiction under either federal question jurisdiction or diversity jurisdiction, it must be dismissed. Moreover, because the Court finds that it does not have subject matter jurisdiction over this action, it will not address Defendants' challenge under Rule 12(b)(6).

## V. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is hereby **GRANTED**. Plaintiff's Complaint is therefore **DISMISSED WITHOUT PREJUDICE**. The Clerk's office is further directed to close this case. Plaintiff may file an amended complaint within thirty (30) days of the date of this Order to the extent he can properly establish the Court's subject matter jurisdiction. Furthermore, because the Court does not have subject matter jurisdiction, Plaintiff's Motion to Set a Hearing is **DENIED** as moot.

Dated: May 23, 2022                              s/ Karen M. Williams
                                                 KAREN M. WILLIAMS
                                                 United States District Judge